UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>             Plaintiff,<br><br>       v.<br><br>A. PALAFOX, et al.,<br><br>             Defendants. | Case No. 1:20-cv-00315-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

Plaintiff alleges the defendants failed to protect him from an attack by other inmates. (Doc. 1.) The Court finds that Plaintiff states a cognizable Eighth Amendment claim against Defendant Burden and the unnamed "D yard Captain" in their individual capacities. Plaintiff's official-capacity claims and his claims against Defendant Palafox and the unnamed warden are not cognizable. Therefore, the Court directs Plaintiff to file a first amended complaint curing the deficiencies in his pleading or a notice that he wishes to proceed only on the claims found cognizable in this order.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.    INDIVIDUAL- VERSUS OFFICIAL-CAPACITY SUITS

Plaintiffs can sue a governmental actor in his individual or official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). When a plaintiff names a state actor in his individual capacity, the suit "seek[s] to impose personal liability upon … [the] official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish individual liability in a section 1983 case, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

On the other hand, when a plaintiff sues a state actor in her official capacity, the suit "represent[s] … another way of pleading an action against an entity of which [the] officer is an agent." *Id.* at 165 (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in … the alleged constitutional violation…. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

///

///

## IV. DISCUSSION

### A. Factual Allegations

Plaintiff alleges he learned that staff at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) planned to "have a group of inmates kill [him]." (Doc. 1 at 4.) Plaintiff alleges that Correctional Officers Strebel and Mejia said that he would be "dealt with (killed)." (*Id.*) Fearing for his life, Plaintiff began a hunger strike and told several officers about the threats against him. (*Id.*) Plaintiff alleges that he requested protection and to be placed in administrative segregation, but Correctional Lieutenant Burden and the "D yard [c]aptain" refused. (*Id.*) According to Plaintiff, the captain stated that he would refer Plaintiff to mental health staff but would not place him in administrative segregation because "all inmates are liars." (*Id.* at 4-5.) Plaintiff remained in the same cell and yard and no protective measures were taken. (*Id.* at 5, 6.) Plaintiff alleges that Correctional Officer Palafox "was in the room" when he expressed his concerns to the captain. (*Id.* at 4.) Plaintiff states that the "[w]arden was notified due to [his] hunger strike." (*Id.* at 5.)

Approximately one week later, a group of inmates attacked Plaintiff with knives. (*Id.*) Plaintiff suffered lacerations to his arm and neck. (*Id.*) Plaintiff was transferred to Kaweah Delta Hospital for "extensive repairs." (*Id.*) Upon returning to SATF, Plaintiff was placed in administrative segregation. (*Id.* at 6.) Plaintiff states that he continues to suffer arthritis and pain in his neck and "partial immobility on [his] left side." (*Id.*)

### B. Claim for Relief

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

///

To establish a violation of this duty, a prisoner "must show that … officials acted with deliberate indifference to the threat of serious harm or injury." *Labatad*, 714 F.3d at 1160 (citation omitted). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence, … [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official shows "deliberate indifference" to a threat of serious injury to an inmate when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The deliberate indifference standard includes both objective and subjective components. As to the first, objective prong, the alleged deprivation must be "sufficiently serious." *Id.* at 834. "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's … safety." *Id.* at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff states cognizable deliberate indifference claims against Lieutenant Burden and the D yard captain. Plaintiff alleges that he informed the defendants of threats against his life and requested to be placed in administrative segregation. (Doc. 1 at 4.) For screening purposes, the Court therefore assumes the defendants knew of a substantial risk of serious harm to Plaintiff. Plaintiff further alleges that the captain only offered to send him to be seen by mental health staff, and that both defendants took no precautionary measures regarding his safety. (*See* Doc. 1 at 4-6.)

Such allegation, if true, shows that the defendants failed to take reasonable measures to abate the risk of serious harm.  It so finding, the Court does not minimize the difficulty of the task with which Plaintiff faces.  Because he did not voice safety concerns about any particular inmates, but, instead, claimed that "staff" and/or Correctional Officers Strebel and Mejia caused the attack, it is insufficient to prove only that he was later attacked.  Rather, he must prove: 1.) he was attacked; 2.) the attack was caused by staff members; and 3.) when he reported the planned attack, his report was credible and found to be so by Lieutenant Burden and the D yard captain, but they disregarded the report anyway.

Plaintiff does not state a cognizable claim against the remaining defendants. With respect to Officer Palafox, Plaintiff states that the defendant "was in the room" and "part of the discussion" when he spoke with the captain. (*Id.* at 4, 6.) But, unlike the captain, Plaintiff does not allege that Palafox "had the power to have [him] placed into [administrative segregation]." (*Id.* at 6.) Plaintiff therefore does not show that Palafox's actions or failures to act caused the constitutional deprivation of which he complains. *See Johnson*, 588 F.2d 743.

With respect to the warden, Plaintiff does not provide sufficient facts to show that the defendant knew of a substantial risk of serious harm. Plaintiff states that the warden "was notified [of his concerns] due to [his] hunger strike" (Doc. 1 at 5), but such claim is conclusory. Plaintiff does not provide any facts that establish how he knows the warden was notified of his security concerns even assuming he was aware Plaintiff had started to refuse food—one thing, does not logically lead to the other. To the extent that Plaintiff names the warden merely because he is a supervisor, the Court notes that section 1983 does not impose individual liability on a supervisor simply because his subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose individual liability, Plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he supervised. *See id.*

**C.  Official-Capacity Liability**

Plaintiff sues the defendants in their individual and official capacities. (Doc. 1 at 6.) As explained in section III, *supra*, suing state actors in their official capacities is another way of suing the state itself. *See Hafer*, 502 U.S. at 25. To impose official-capacity liability, Plaintiff

6

must allege that a law or policy caused the constitutional violations that he allegedly suffered. *See Hartmann*, 707 F.3d at 1127. Plaintiff fails to do so. Because Plaintiff does not allege that a state law or policy caused any constitutional violation, Plaintiff may not sue the defendants in their official capacities.

## V.  CONCLUSION AND ORDER

For the reasons set forth above, the Court directs Plaintiff, **within 21 days**, to file a first amended complaint curing the deficiencies identified in this order or, alternatively, a notice that he wishes to proceed only on the claims found cognizable herein and to dismiss Defendant Palafox, the warden, and his official-capacity claims. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **within 21 days**.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff shall file **one of the following three items**:
   a. a first amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a first amended complaint and, instead, wishes to (1) proceed only on his deliberate indifference claims against Defendant Burden and the D yard captain in their individual capacities, (2) dismiss his official-capacity claims, and (3) dismiss Defendant Palafox and the warden, or
   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

   Dated:   **July 6, 2020**　　　　　　　　　　　　/s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE