UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PALAFOX, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00315-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**<br><br>21-DAY DEADLINE |

    Colton James Rood alleges the defendants failed to protect him from an attack by another inmate while he was incarcerated at Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (Doc. 12.) Plaintiff admits that he failed to exhaust administrative remedies prior to filing suit. (*Id.* at 3.)

    The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to

"complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. The incidents at issue in this case occurred in 2018, while Plaintiff was incarcerated at SATF. In his first amended complaint, Plaintiff states, "No longer in CDCR. Remedy is unavailable to me." (Doc. 12 at 3.) At the time he filed his original and amended complaints in 2020, Plaintiff was incarcerated at Shasta County Jail.[1] (*See id.* at 1; Doc. 1 at 1.) Plaintiff does not state whether he attempted to exhaust his administrative remedies while in the custody of CDCR.

Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. In his response, Plaintiff shall state (1) the date on which he left the custody of CDCR, and (2) whether he attempted to exhaust his administrative remedies prior to that date, along with any other information he deems relevant. <u>Failure to comply with this order will result in a recommendation that this case be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **January 31, 2021**            /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is currently incarcerated at North Kern State Prison. (*See* Doc. 13.)