UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>                    Plaintiff,<br><br>       v.<br><br>A. PALAFOX, et al.,<br><br>                    Defendants. | Case No. 1:20-cv-00315-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS**<br><br>(Doc. 20)<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Colton James Rood alleges the defendants failed to protect him from an attack by other inmates. (Doc. 20.) The Court finds that Plaintiff's second amended complaint states cognizable claims against Defendants Strebel, Burden, and an unnamed "D Yard Captain," but not against the remaining defendants. Because Plaintiff has received two opportunities to amend (Docs. 11, 17), and his current complaint suffers from the same deficiencies as his prior complaints, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that the remaining defendants be dismissed.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. INDIVIDUAL- VERSUS OFFICIAL-CAPACITY SUITS

Plaintiffs can sue governmental actors in their individual or official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). When a plaintiff sues a state actor in his individual capacity, the suit "seek[s] to impose personal liability upon . . . [the] official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish individual liability in a section 1983 case, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

On the other hand, when a plaintiff sues a state actor in her official capacity, the suit "represent[s] . . . another way of pleading an action against an entity of which [the] officer is an agent." *Id.* at 165 (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in . . . the alleged constitutional violation. . . . Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

///

///

## IV. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff's claims stem from incidents at Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (Doc. 20 at 4-8.) In February of 2018, "several inmates" told Plaintiff that Correctional Officers Strebel and Mejia were telling inmates from "various gangs" that "no heroin[ ] would come in until . . . Rood was 'dealt with.'" (*Id.* at 4-5.) "Soon after, Mejia made a statement at Rood to the effect of, 'You're not dead yet?'" (*Id.* at 5.)

Because of these threats, Plaintiff believed that his life was in danger and requested to be placed in administrative segregation ("ad seg"). (*Id.*) Prison officials denied his request. (*Id.*) Therefore, Plaintiff went on a hunger strike for several days. (*Id.*) During this time, Plaintiff was "brought in front of . . . staff to address the issues which caused the hunger strike," including Correctional Lieutenant Burden, Correctional Officer Palafox, and the D Yard Captain. (*Id.*) The captain told Plaintiff that "Palafox was present as a witness and to provide counsel." (*Id.*) Lieutenant Burden stated that he would not place Plaintiff in ad seg because it was "time consuming," even though he acknowledged "that [Plaintiff's] life was under threat." (*Id.*) Later, the captain told Plaintiff that "all inmates are liars," and that he would only believe Plaintiff and place him in ad seg if his allegations were solely against inmates and not against staff. (*Id.* at 6.) He also stated that, for this same reason, he would not refer Plaintiff to "mental health." (*Id.*)

Several days later, Plaintiff was on the yard when he saw Strebel make "a head gesture to a group of inmates." (*Id.*) The group then "snuck up and attacked [Plaintiff] with knives." (*Id.*) Immediately after, Burden appeared, and Plaintiff asked, "Why couldn't you do it yourself?" Burden then "smiled and said 'no comment.'" (*Id.*) Plaintiff suffered "deep lacerations to his neck and . . . left arm." (*Id.*) He was transferred to Kaweah Delta Medical Center for surgery. (*Id.*) Upon his return to SATF, Plaintiff was placed in ad seg. (*Id.*) He "continues to suffer pain, arthritis, and mobility issues as a result of his injuries." (*Id.*)

## V. DISCUSSION

Plaintiff raises his claims under the Eighth and Fourteenth amendments. (Doc. 20 at 4, 6-7.) As explained more fully below, a failure to take reasonable measures to protect inmates from

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

physical harm is a violation of the Eighth Amendment, which applies to the states through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660 (1962). In the prison context, the Fourteenth Amendment itself "affords . . . no greater protection than does the Cruel and Unusual Punishments Clause" of the Eighth Amendment. *Whitley v. Alb*ers, 475 U.S. 312, 327 (1986). Accordingly, the Court construes Plaintiff's claims as arising under the Eighth Amendment.

### A. Failure to Protect

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner "must show that . . . officials acted with deliberate indifference to the threat of serious harm or injury." *Labatad*, 714 F.3d at 1160 (citation omitted). "[D]eliberate indifference entails something more than mere negligence, . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official shows "deliberate indifference" to a threat of serious injury to an inmate when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The deliberate indifference standard has both objective and subjective components. First, objectively, the alleged deprivation must be "sufficiently serious." *Id.* at 834. "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted).

Second, subjectively, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health and safety." *Id.* at 837 (as quoted in *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995)). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The prison official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Case 1:20-cv-00315-AWI-JLT   Document 23   Filed 08/18/21   Page 6 of 9

1    "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060
2    (9th Cir. 2004). "If a [prison official] should have been aware of the risk, but was not, then the
3    [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal
4    quotation marks and citation omitted).

5    Plaintiff states cognizable claims of deliberate indifference against Defendants Strebel,
6    Burden, and "D Yard Captain." Plaintiff alleges that inmates from "various gangs" threatened
7    him at the behest of Officer Strebel, but that officials failed to place him in administrative
8    segregation. (Doc. 20 at 4-5.) He further alleges he made Lieutenant Burden and the D Yard
9    Captain aware of the threats against him when he went on a hunger strike. (*Id.* at 5.) He states that
10   Burden agreed that "his life was under threat," but that Burden nevertheless refused to place him
11   in ad seg because it was "time consuming." (*Id.*) He also states that the D Yard Captain refused to
12   place him in ad seg because he accused staff of wrongdoing. (*Id.* at 5-6.) Several days later,
13   Plaintiff alleges that a group of inmates attacked him when Strebel "made a head gesture to [the]
14   group." (*Id.* at 6.) These allegations are sufficient to show that these defendants acted, at
15   minimum, "with deliberate indifference to the threat of serious harm or injury" to Plaintiff.
16   *Labatad*, 714 F.3d at 1160 (citation omitted).

17   Plaintiff does not state cognizable claims against the remaining defendants. With respect
18   to Officer Palafox, Plaintiff does not allege that the officer's actions or failures to act caused the
19   harm of which he complains. Plaintiff states that, according to the D Yard Captain, Palafox was
20   present during their meeting only as a witness and to provide counsel. (Doc. 20 at 5, 8.) He does
21   not allege that Palafox had any authority to place him in ad seg, unlike Lieutenant Burden and the
22   captain. Plaintiff's allegation that "[a] word from [Palafox] against leaving [Plaintiff] in a hostile
23   situation could have prevented" the attack, (*id.* at 8), is speculative.

24   With respect to the prison warden, Plaintiff alleges that staff "contacted" the warden
25   because he went on a food strike. (*Id.* at 6.) This allegation is insufficient to show that the warden
26   knew of his security concerns. With respect to the secretary of CDCR, Plaintiff alleges that,
27   according to state regulations, "[a]ny event or activity . . . of CDCR institutions . . . which may be
28   of immediate . . . concern will be immediately reported by institution staff to the office of the

6

1 Secretary." (*Id.* at 7.) This allegation, as well, is insufficient to show that the secretary knew of
2 his security concerns. The "sheer possibility that [these] defendant[s] . . . acted unlawfully" is
3 insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks and
4 citation omitted)

5 Plaintiff also alleges that if prison policies were disobeyed, "it was . . . due to a lack of
6 proper training" by the warden and secretary. (Doc. 20 at 8.) This statement is conclusory and
7 lacks any factual support. "Threadbare recitals of the elements of a cause of action, supported by
8 mere conclusory statements, do not suffice." *Id.* (citation omitted).

9 It appears that Plaintiff names the warden and the secretary as defendants solely because
10 they hold supervisor positions. However, section 1983 does not impose individual liability on a
11 supervisor simply because his subordinate has violated Plaintiff's rights. *See id.* at 676-77. To
12 impose individual liability, Plaintiff must allege specific misdeeds that each defendant committed,
13 rather than the misdeeds of those he supervised. *See id.*

14 **B. Conspiracy**

15 To state a conspiracy claim under section 1983, a plaintiff "'must show an agreement or
16 "meeting of the minds" to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th
17 Cir. 2002) (citation omitted), and an "'actual deprivation of . . . constitutional rights result[ing]
18 from the alleged conspiracy,'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation
19 omitted). "To be liable, each participant in the conspiracy need not know the exact details of the
20 plan, but each participant must at least share the common objective of the conspiracy." *Franklin*,
21 312 F.3d at 441 (internal quotation marks and citation omitted).

22 Plaintiff does not provide adequate facts to show that Defendants engaged in a conspiracy
23 to violate his constitutional rights. As explained in the previous section, Plaintiff's allegations are
24 sufficient to show that Strebel, Burden, and the D Yard Captain independently violated his rights
25 under the Eighth Amendment, but they are insufficient to show a "meeting of the minds" or an
26 agreement between the defendants to violate those rights. Plaintiff's contention that all of the
27 defendants "knew of and contributed to a conspiracy to commit murder," (Doc. 20 at 8), is
28 conclusory and lacks adequate factual support. Though Plaintiff alleges that Strebel purposefully

7

placed him in significant danger of being attacked by other inmates, (*see id.* at 4-5), his allegations fail to show that Burden and the captain shared this objective.

### C. Official-Capacity Liability

Plaintiff sues Defendants in both their individual and official capacities. (Doc. 20 at 6-7.) As explained in section III, *supra*, suing state actors in their official capacities is another way of suing the state itself. *See Hafer*, 502 U.S. at 25. To impose official-capacity liability, Plaintiff must allege that a law or policy caused the deprivations he allegedly suffered. *See Hartmann*, 707 F.3d at 1127. Plaintiff, however, does not allege that any law or policy caused the constitutional violations of which he complains. On the contrary, Plaintiff alleges that Defendants disobeyed CDCR policies and regulations. (*See* Doc. 20 at 7-8.) Therefore, Plaintiff does not state a cognizable official-capacity claim.

## VI. CONCLUSION, ORDER, AND RECOMMENDATION

For the reasons set forth above, Plaintiff's second amended complaint states cognizable claims of failure to protect in violation of the Eighth Amendment against Defendants Strebel, Burden, and "D Yard Captain," but its remaining claims are not cognizable. Given that Plaintiff has received two opportunities to amend, (Docs. 11, 17), and his current complaint suffers from the same deficiencies as his prior complaints, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that:

1. Defendants Palafox, "SATF Warden," and "Secretary of CDCR" be **DISMISSED**; and,
2. The claims in Plaintiff's second amended complaint (Doc. 20) be **DISMISSED**, except for its claims of failure to protect or deliberate indifference in violation of the Eighth Amendment against Defendants Strebel, Burden, and "D Yard Captain" in their individual capacities, pursuant to 42 U.S.C. § 1983.

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2021**                                       _ **/s/ Jennifer L. Thurston**
                                                              CHIEF UNITED STATES MAGISTRATE JUDGE