# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>  Plaintiff,<br><br>  v.<br><br>BURDEN, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00315-AWI-BAK (SAB) (PC)<br><br>**ORDER REGARDING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SECOND MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 47) |

Plaintiff Colton James Rood is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On May 24, 2022, Defendants filed a second motion to modify the discovery and scheduling order to extend the deadline for filing an exhaustion motion. (Doc. 45.) On May 26, 2022, the Court found good cause and granted Defendants' motion, extending the deadline to file an exhaustion motion to July 18, 2022. (Doc. 46.)

On June 3, 2022, Plaintiff filed objections to Defendants' motion. (Doc. 47.) Plaintiff contends a previous order issued by then Magistrate Judge Jennifer L. Thurston in June 2021[1] found "that plaintiff had good cause for not having exhausted Administrative Remedies the conventional way and/or that plaintiff had no option to file (due to remedies being refused to him by CRCR officials)." (*Id*. at 1.) Plaintiff contends Defendants wish to "rehash the issue above

---
[1] The Court did not issue any order in June 2021.

1  which has already been decided." (*Id*. at 1, 2.) Plaintiff contends Judge Thurston's "judgment was
2  sound when this topic was considered the first time and that her repositioning should not be seen
3  as an opportunity to question her judgment." (*Id*. at 2.) Plaintiff asks the Court to deny
4  Defendants' second motion to modify the discovery and scheduling order because it is a "waste of
5  time and resources when considering Judge Jennifer Thurston's previous decision to dismiss the
6  order to show cause for this very thing several months ago, especially where there is no revelation
7  that could change the essential components given the dismissal of OTC order to be in favor of the
8  above and before stated issue." (*Id*. at 2.) Plaintiff concludes that granting the Defendants' motion
9  "serves no other purpose than to slow this case's forward progress: it is frivolous." (*Id*.)

10      Plaintiff misapprehends then Magistrate Judge Thurston's February 22, 2021, order. The
11  Court's order discharged the previously issued Order to Show Cause and plainly states: "*The*
12  *Court does not decide the matter of exhaustion here; it only finds that it will require additional*
13  *argument or evidence prior to deciding the matter*." (Doc. 16, emphasis added.)  The failure to
14  exhaust is generally an affirmative defense that the defendant must plead and prove. *Jones v.*
15  *Bock*, 549 U.S. 199, 204, 216 (2007). (*See* Doc. 16, n.1.)

16      Defendants answered Plaintiff's complaint on December 24, 2021. (Doc. 30.) Defendants'
17  first affirmative defense asserts that "Plaintiff failed to exhaust his available administrative
18  remedies as to all of the claims or facts alleged against each of the Defendants before he filed this
19  action. Plaintiff's claims are thus barred by 42 U.S.C. § 1997e(a)." (*Id.* at 4.)

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

As Judge Thurston's February 2021 order indicated, the issue has *not* yet been decided. Defendants are now preparing to plead and attempting to prove their affirmative defense of a lack of exhaustion by filing a motion for summary judgment, as is their right. The issue will only be decided, in due course, if in fact Defendants file such a motion and briefing is completed in accordance with the Local Rules and Federal Rules of Civil Procedure.

For the reasons stated above, Plaintiff's objections of June 3, 2022, are OVERRULED.

IT IS SO ORDERED.

Dated: __**June 6, 2022**__

UNITED STATES MAGISTRATE JUDGE

3