# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BURDEN, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00315-AWI-BAK (SAB) (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF MERITS-BASED DISCOVERY**<br><br>(Doc. 52)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT**<br><br>(Doc. 51) |

　　　Plaintiff Colton James Rood is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　On July 20, 2022, Plaintiff filed a "Motion for Exten[s]ion of Time on Current Deadlines." (Doc. 51.)

　　　On July 21, 2022, Defendants filed a Motion to Stay Discovery and Modify Discovery and Scheduling Order. (Doc. 52.)

　　　For the reasons given below, Defendants' motion will be granted, and Plaintiff's motion will be denied as moot.

//

//

**I.    DISCUSSION**

**A.  Relevant Background**

The Court issued its Discovery and Scheduling Order on February 4, 2022. (Doc. 38.) Relevant here, the exhaustion motion filing deadline was set for May 4, 2022. (*Id*.)

On April 20, 2022, the Court granted Defendants' motion to modify the scheduling order to extend the deadline for filing an exhaustion motion to June 3, 2022. (Doc. 42.) On May 28, 2022, the Court granted Defendants' second motion to modify the scheduling order to extend the deadline for filing an exhaustion motion to July 18, 2022. (Doc. 46.)

Following objections filed by Plaintiff, the Court issued an order on June 6, 2022, overruling those objections and explaining the issue of whether Plaintiff had exhausted his administrative remedies had *not* yet been decided. (Doc. 48.)

On June 23, 2022, Defendants filed a motion for summary judgment for a failure to exhaust administrative remedies, arguing Plaintiff has failed to comply with the Prison Litigation Reform Act (PLRA) because he did not exhaust his administrative remedies regarding the claims asserted in his second amended complaint. (Doc. 49.)

As noted above, on July 20, 2022, Plaintiff filed a motion seeking an extension of time concerning various deadlines. (Doc. 51.)

On July 21, 2022, Defendants filed their motion to stay merits-based discovery and to modify the scheduling order. (Doc. 52.)

On July 22, 2022, Plaintiff filed "Plaintiff's Motion of Opposition to Summary Judgment for Failure to Exhaust Administrative Remedies." (Doc. 53.)

**B.  Good Cause Exists to Stay Merits-Based Discovery**

Defendants seek an ordering staying merits-based discovery and vacating the discovery and scheduling order pending resolution of their motion for summary judgment for a failure to exhaust administrative remedies. (Doc. 52.) They contend the pending summary judgment motion, if granted, would dispose of this case in its entirety, and therefore, in the interests of judicial economy, their motion to stay merits-based discovery should be granted. (*Id*. at 4-5.) Defendants further contend the discovery and scheduling order should be vacated pending

2

resolution of their motion for summary judgment because good cause exists where they exercised due diligence in bring the motion for summary judgment, and the instant motion, before the deadlines imposed, that vacating the pending deadlines will avoid expending resources that may not be necessary, and "there is 'an immediate and clear possibility'" the pending summary judgment motion will dispose of the case in its entirety. (*Id*. at 5-6.)

Upon review of Defendants' motion, the Court finds good cause to grant Defendants' request to stay the discovery and scheduling order. Accordingly, the motion (Doc. 52) is **GRANTED**. Discovery in this matter is **STAYED**, until the Court rules on Defendants' exhaustion-based motion for summary judgment. If that motion is denied, the Court will reset the amendment of pleadings, discovery, and dispositive motion deadlines as necessary.

### C.  Plaintiff's Motion to Extend Deadlines

Plaintiff moves for a 45-day extension of time "for the purpose of making a defense against the proposed motion for summary judgment … as well as to answer their interrogatories/requests for production of documentation, and also time to compose the rest of my interrogatories and requests for production of documentation, including an eventual motion to compel, should it be necessary." (Doc. 51 at 1.)

Following the filing of his motion, Plaintiff filed an opposition to Defendants' summary judgment motion. (Doc. 49.) Thus, there is no need to extend Plaintiff's deadline to oppose the summary judgment motion.

Further, because the Court has granted Defendants' motion to stay the discovery and scheduling order, discovery is now stayed. No extension of any discovery deadline is necessary because no party may propound discovery, nor is any party required to respond to any discovery, because of the stay. Only after the Court has resolved Defendants' pending summary judgment motion for a failure to exhaust administrative remedies will discovery potentially resume. And if discovery recommences, new deadlines will be set by the Court.

//
//
//

Accordingly, Plaintiff's "Motion for Exten[sion] of Time on Current Deadlines" (Doc. 51) is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated:   **July 25, 2022**

_____
UNITED STATES MAGISTRATE JUDGE